

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**December 2, 2025 12:12**

By: JEFFREY J. FANGER 0058439

Confirmation Nbr. 3689121

| | |
|---|---|
| LYNDA ENOCH | CV 25 129012 |
| vs. | |
| FIRST NATIONAL BANK OF PA, ET. AL., ET AL | **Judge:** MOLLIE ANN MURPHY |

**Pages Filed:** 8

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| LYNDA ENOCH<br>4428 South Hills Drive<br>Cleveland, OH 44109<br><br>　　　Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK OF PA<br>3015 Glimcher Blvd.<br>Hermitage, PA 16148<br><br>And<br><br>JOHN DOE AGENT #1<br>　　　Defendant, | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DEFAMATION AND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**<br><br>**(TRIAL BY JURY DEMANDED)** |

1.　Plaintiff is an individual who currently resides in Cuyahoga County at all times relative to the allegations set forth in this Complaint.

2.　Plaintiff is a private individual with a positive reputation in the community.

3.　This Court has jurisdiction over this matter due to the fact that the Plaintiff resides in Cleveland Ohio, Cuyahoga County, which is located within this Court's jurisdiction and due to the fact that the Defendants were soliciting business and attempting to collect a debt regarding a home loan for a home in Lakewood Ohio in regards to Ohio Real Estate and contacting Plaintiff at her home via phone in Cleveland Ohio.

**EXHIBIT A**

4. Based on information and belief Defendant is a bank providing loans and financial services in Pennsylvania and Ohio and has been posting financial information and credit information on national credit reporting entities regarding Plaintiff.

5. Based on information and belief, Defendant has engaged the use of agents identified as John Doe Agent #1 for the purposes of placing collection calls to Plaintiff to collect the alleged debt and for the purpose of reporting the alleged debt to the three national credit reporting agencies, TransUnion, Equifax and Experian.

6. Based on information and belief Defendant's office is located at 1 FNB Blvd. Hermitage, PA 16148.

7. Defendants either directly or through their agents on or about March 2024 posted defamatory information on Plaintiffs Credit report with one or more of the National Credit Reporting Agencies (Equifax, Transunion and/or Experian) listing a debt in the amount of $117,455 with a past due obligation in the amount of $2,604 regarding property in Lakewood Ohio.

8. At the time that Defendant's posted said defamatory credit information, Defendants knew or should have known that the debt was discharged on or about February 3, 2015 by the U.S. Bankruptcy Court Northern District of Ohio Case No.14-16576-aih.

9. On or about January 31, 2025, March 7, 2025, March 14, 2025, April 7, 2025, in violation of the Bankruptcy Discharge Order and in violation of the Fair Debt Collection practices act, the Defendant either directly or through their agent commenced a series of phone calls and other contacts repeatedly seeking to collect the discharged debt from Plaintiff.

10. Defendants knew or should have known with reasonable inquiry that as of their posting defamatory information on or about March 2025 on one or more of Plaintiff's credit reports

claiming a debt owed, that said debt was not a legal obligation of the Plaintiff and the Defendant was not legally permitted to collect said debt.

11. Defendants knew or should have known that their actions constituted a violation of the Bankruptcy Court's discharge order of 2015.

12. Defendants' decision to post defamatory information on Plaintiff's credit report was done knowingly and willfully with the intent to harm the Plaintiff and negatively impact both the Plaintiff's credit rating as well as ability to obtain other residences in the future.

13. Defendants knew or upon reasonable inquiry could have determined that the alleged debt was discharged in 2014 and were provided notice during the 2014 bankruptcy proceeding.

14. By posting the discharged debt information to Plaintiff's credit report in 2025, the Defendant either directly or acting through their agents, took such action to disparage the Plaintiff and to make false allegations against the Plaintiff and to engage in libelous and slanderous statements meant to demean and harm the Plaintiff.

## COUNT ONE
## DEFAMATION

15. The Plaintiff hereby restates and reavers all of the allegations set forth above as if recopied herein.

16. Based on information and belief, on or about January 2025 and March 2025 Plaintiff learned that Defendants had commenced collection activities and had posted defamatory information on her credit reports and had engaged in a pattern of dissemination of false statements regarding the Plaintiff to one or more of the national credit reporting agencies.

17. Based upon information and belief, Defendants either directly or through their agents with actual malice and/or reckless disregard for the truth defamed and libeled the Plaintiff by libeling the Plaintiff in written communications to third parties stating that the Plaintiff had an a past due

debt in the amount of $117,455 and generally defaming Plaintiff's financial reputation in the community.

18. Defendants either directly or through their agents falsely claimed, with intent to defame and emotionally harm the Plaintiff, that the Plaintiff was delinquent and had failed to properly pay the Defendant for the home mortgage debt, despite knowing that the Plaintiff had been granted a discharge nearly a decade previous with respect to the debt.

19. Defendants, either directly or through their agents, falsely claimed to have a valid and legally enforceable debt owed to them despite knowing at the time that said debt was not legally valid and enforceable and had been discharged and has actively and with purpose published both such statements to third parties.

20. Defendants, either directly or through their agents, have engaged in a series of false statements with actual malice and/or reckless disregard for the truth with the intent to defame, libel, slander and emotionally harm the Plaintiff and damage the Plaintiff's reputation in the local community and in the business community and to negatively impact her credit rating and disparage her to impede her ability to enter into future contractual agreements.

21. The Plaintiff has experienced economic harm, emotional distress and a negative impact on her credit report harming her materially due to Defendants actions and said harm is continuing in nature.

22. Defendants statements made, either directly or through their agentw, are false as they pertain to Plaintiff and said statements are libelous and/or slanderous on their face as they impinge upon Plaintiff's reputation in the community and credit rating.  Said statements by Defendant clearly expose Plaintiff to hatred, contempt, and ridicule and reduced credit rating which has an

ongoing financial impact upon Plaintiff and her ability to qualify for financing and other related credit matters.

23.     Plaintiff is not a public figure.

24.     As a direct and proximate result of the above described defamation, Plaintiff has suffered loss to her reputation, her credit rating, shame, mortification and injury to her feelings, emotional distress, all to her damage in the amount in excess of $25,000 to be set forth at trial, plus her attorney fees, costs and such additional amount as the Court may determine is just and proper.

25.     The actions of the Defendants are not privileged and were distributed in part to damage the Plaintiff and clearly were rendered out of malice, hatred and ill will toward the Plaintiff or with a reckless disregard due to the Defendants knowledge of the discharged debt. Because of Defendant's malice and reckless disregard in publishing said statements, Plaintiff seeks treble punitive damages in an amount in excess of $75,000 the exact amount to be proven at trial.

## COUNT TWO
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26.     The Plaintiff hereby restates and reavers all of the allegations set forth above as if recopied herein.

27.     Defendants actions by posting the disputed debt with national credit reporting entities despite knowing or upon reasonable inquiry determining said debt was discharged nearly a decade ago constituted a direct violation of the Fair Debt Collection Practices Act. 15 U.S.C. §1692 et. seq.

28.     Defendants telephone calling agents are a debt collector as defined by the Fair Debt Collection Practices Act 15 U.S.C. §1692 et. seq.

29.    Defendants credit reporting agents are a debt collector as defined by the Fair Debt Collection Practices Act 15 U.S.C. §1692 et. seq.

30.    Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act. 15 U.S.C. §1692 et. seq.

31.    The debt for a home mortgage is a consumer debt as defined by the Fair Debt Collection Practices Act. 15 U.S.C. §1692 et. seq.

32.    Defendants and Defendants agents actions by posting the disputed debt which was discharged in 2015 to the national credit reporting agencies, acted in violation of the Fair Debt Collection Practices Act. 15 U.S.C. §1692 et. seq.

33.    Defendants and Defendant's agents actions by directing or authorizing the posting of the discharged debt to the national credit reporting agencies, acted in violation of the Fair Debt Collection Practices Act. 15 U.S.C. §1692 et. seq.

34.    Defendants and Defendants agents, knew or should have known that the posting of the discharged debt as being still legally collectible, due and owing by Plaintiff was an intentional act done in flagrant disregard of the truth and done to intentionally harm Plaintiff and was improperly done to attempt to obtain payment from Plaintiff.

35.    The Defendant and Defendants agents had no justifiable reason to post said debt and were aware said debt was discharged before deciding to post said indebtedness with the national credit bureaus.

36.    The Defendants knew or should have known that they could not actively pursue collection of the alleged debt as said debt was discharged and therefore the posting of the debt to the national credit bureaus after the discharge was wanton and willfully done with disregard and with intent to harm, and disparage the Plaintiff.

37. By posting the discharged debt, Defendant and Defendant's agents acted with intent to harm Plaintiff.

38. By repeatedly calling Plaintiff in an attempt to collect the debt, Defendant either directly or through its agents, violated the Fair Debt Collection Practices Act.

39. By repeatedly misrepresenting that the debt was still owed by the Plaintiff, and that the legal status of the debt was still collectible Defendant either directly or through its agents violated the Fair Debt Collection Practices Act.

40. Plaintiff is entitled to both statutory and compensatory damages due to Defendant's direct actions and the actions of Defendant's agents in violation of the FDCPA in an amount in excess of $25,000 to be set forth at trial plus applicable statutory damages, punitive damages, attorney fees and such further relief as this Honorable Court deems just and proper.

**WHEREFORE**, As to Count One, Plaintiff demands judgment against the Defendants in an amount to be set forth at trial in excess of $25,000 plus treble punitive damages in an amount to be set forth at trial in excess of $75,000 for the actual malice and/or reckless disregard for the truth of Defendants' statements and the resultant damage to Plaintiff's credit and personal reputation and due to the willful and intentional actions of the Defendants to harm the Plaintiff, plus interest thereon at the statutory rate of interest, to wit, 5% per annum, and attorney fees and her costs herein, and such other and further relief to which Plaintiff may be entitled. Plaintiff further seeks injunctive relief restraining Defendants from any further dissemination of the defamatory material and/or restraining Defendants from any similar defamatory statements or publications and an order to the Defendants to remove said defamatory information from all credit reporting agencies.

**WHEREFORE**, as to Count Two, Plaintiff seeks both statutory and compensatory damages in an amount in excess of $25,000, which shall be set forth at trial against Defendant and Defendant's agents for violation of the Fair Debt Collection Practices Act, her attorney fees, costs, statutory and punitive damages and such further damages as this Honorable Court may deem just and proper.

>Respectfully Submitted,
>FANGER & DAVIDSON, LLC
>
>*/s/ Jeffrey J. Fanger, Esq.*
>Jeffrey J. Fanger  (0058439)
>Gerry Davidson (0022467)
>8396 Mayfield Rd.
>Chesterland, OH 44026
>Ph. 440-605-9641
>Fax 440-605-9642
>jfanger@fangerlaw.com
>gdavidson@fangerlaw.com

## JURY DEMAND

Plaintiff hereby demands a Trial by jury on all claims herein.

>Respectfully Submitted,
>FANGER & DAVIDSON, LLC
>
>*/s/ Jeffrey J. Fanger, Esq.*
>Jeffrey J. Fanger  (0058439)
>Gerry Davidson (0022467)
>8396 Mayfield Rd.
>Chesterland, OH 44026
>Ph. 440-605-9641
>Fax 440-605-9642
>jfanger@fangerlaw.com
>gdavidson@fangerlaw.com