UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LYNDA ENOCH, | ) | CASE NO. 1:26-CV-0016 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST NATIONAL BANK OF PENNSYLVANIA, *et al*., | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>INTRODUCTION</u>**

This matter comes before the Court on Defendant First National Bank of Pennsylvania's ("FNBP") Motion of Dismiss (R. 4) Plaintiff Lynda Enoch's ("Enoch") Complaint. R. 1. Plaintiff opposes the motion (R. 5), and Defendant has replied to that opposition. R. 6. For the following reasons, Defendant's motion is GRANTED and the Plaintiff's Complaint is dismissed.

**<u>FACTS</u>**

Plaintiff alleges that after her mortgage debt to FNBP was discharged in bankruptcy, FNBP continued to erroneously report the debt to consumer credit reporting agencies as though it remained active. Based on this conduct, Plaintiff brings two claims: (1) a violation of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1682 et seq., and (2) a state law claim for defamation under Ohio common law.

Plaintiff's Complaint asserts that she is an individual, not a public figure, and is defined as a consumer under the FDCPA. R. 1-1, Page ID# 9 at ¶ 1, # 13 at ¶ 23, # 14 at ¶ 30. The Complaint further contends that Enoch had a debt of $117,455 with a past due obligation of $2,604 from a mortgage by FNBP, for a property in Lakewood, Ohio. *Id.* at Page ID# 10 at ¶ 7, # 12 at ¶ 18. Moreover, the Complaint relates that Plaintiff filed a Chapter 7 bankruptcy action in 2014, and the debt was discharged on or about February 3, 2015, by the U.S. Bankruptcy Court Northern District of Ohio. *Id.* at Page ID# 10 at ¶ 8; R. 4-1, Page ID# 43.

Thereafter, the Complaint maintains that on multiple occasions in 2024 and 2025, FNBP directly or through its agent contacted Enoch seeking to collect the discharged debt. R. 1-1, Page ID# 10 at ¶ 9. Further, the Complaint contends that FNBP directly or through its agent on or about March 2024 published the discharged debt on Enoch's Credit Report through Equifax, Transunion, and/or Experian. *Id.* at ¶ 7. Enoch alleges Defendants knew or should have known their actions constituted a violation of the Bankruptcy Court's discharge order and that Defendants' posting of the debt to Enoch's credit report was knowing and willful with the intent to harm Enoch. *Id*. at Page ID# 11, ¶ 11, ¶ 12. Enoch also alleges Defendants knew or could have determined through reasonable inquiry that the debt was discharged in 2015. *Id*. at ¶ 13. Further, Enoch alleges FNBP was on notice of the discharge because it was notified of her Bankruptcy petition. R. 5, Page ID# 116.

**STANDARD OF REVIEW**

The well-established standard of review for a motion to dismiss under Rule 12(b)(6) was recently re-stated by the Sixth Circuit in *VCST International B.V. v. BorgWarner Noblesville LLC*, 142 F.4th 393, 399 (6th Cir. 2025) (internal citations omitted):

> District courts may grant a motion to dismiss under Rule 12(b)(6) only if the complaint does not state a "plausible" claim. When evaluating a claim's plausibility, courts must accept its factual allegations as true and draw "all reasonable inferences" in the plaintiff's favor. They must also restrict their review to the "four corners" of the complaint and a limited set of other materials, such as documents that the complaint refers to and depends on. And if a district court grants the motion, appellate courts review whether the complaint states a plausible claim *de novo*.

*Id.*

## ANALYSIS

### A. Plaintiff's FDCPA Claim is Dismissed

For a valid FDCPA claim, Plaintiff must show that (1) she has a consumer status; (2) the debt is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant committed an act or omission in violation of the Act. Some of these elements are satisfied.

Plaintiff's Complaint states she "is a consumer as defined by the [FDCPA]." R. 1-1, Page ID# 14 at ¶ 30. The definition of a consumer in the FDCPA is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(c). There does not appear to be any dispute that Plaintiff fits this definition, as she is both a natural person and is still protected by the FDCPA for the discharged debt. *See*, *e.g.*, *Koontz v. SN Servicing Corporation*, 133 F.4th 320, 325–26 (4th Cir. 2025) (holding the FDPA still protects individuals no longer obligated to pay off a discharged debt); *see also Garfield v. Ocwen Loan Servicing, LLC*, 811 F.3d 86, 91 (2d. Cir. 2016). Because the discharged debt in question was for a mortgage for Plaintiff's house, it was a debt held by a consumer. R. 1-1, Page ID# 10 at ¶ 7, # 12 at ¶ 18. Thus, the first and second elements requiring Plaintiff to be a consumer with a consumer debt are met.

Taking all facts in the light most favorable to Plaintiff, the Court proceeds, without deciding, as though the fourth element is also satisfied. Plaintiff alleges FNBP violated the Act by reporting her discharged debt to credit agencies. *Id*. at ¶ 7. Although Plaintiff's Complaint does not specify the section of the FDCPA she claims FNBP violated, she specifies in her Memorandum in Opposition to Defendant's Motion to Dismiss that FNBP violated § 1962. Section 1962e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Violations of this section include "The false representation of-- the character, amount, or legal status of any debt." 15 U.S.C. § 1692e (2)(1). At this juncture, it appears undisputed that FNBP did, in fact, report the discharged debt as though it was still an active debt to be collected. As such, Plaintiff has alleged a false representation of the status of the debt.

However, the dispute regards the third element. Section 1692e specifically refers only to "debt collectors." 15 U.S.C. § 1692e. To prevail on this claim, Defendant must be a debt collector. Section 1692a defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Additionally, "[f]or the purpose of section 1692f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id*. Under this definition, the term "debt collector" applies only to an actor collecting on debts that are *due to another*. *Rogers v. JP Morgan Chase Bank N.A.*, 466 F. Supp. 3d 791, 792 (N.D. Ohio 2020) (citing *MacDermid v. Discover Fin. Servs*., 488 F. 3d F.3d 721, 734 (6th Cir. 2007)). Because FNBP

was attempting to collect on a debt owed to it and not a third party, it is not a debt collector.

Additionally, FNBP's principal purpose is not to collect debts, but rather to extend credit. Under § 1962a, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). FNBP furnished Plaintiff's mortgage loan. Before the debt was discharged, Plaintiff owed FNBP $117,455. R. 1-1, Page ID# 10 at ¶ 7, # 12 at ¶ 18. Therefore, FNBP fits the FDCPA's definition of a creditor. Creditors under the FDCPA cannot be subjected to a suit for collecting on their own accounts. *Rogers*, 466 F. Supp. 3d at 791-92. Thus, because FNBP is a creditor, and not a debt collector, the third element cannot be met, and this claim fails.

**B. Plaintiff's Defamation Claim is Preempted Under § 1681t(b)(1)(F).**

Plaintiff argues the defamation claim is not preempted under § 1681h(e) because the statute includes a specific exception for "false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). While this may be true, the Fair Credit Reporting Act ("FCRA") also contains a more recent preemption in § 1681t(b)(1)(F). It states, "No requirement or prohibition may be imposed under the laws of any State-- with respect to any subject matter regulated under-- section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

These statutes must be read together, because § 1681h preempts some state claims without establishing a *right* to recovery, and §1681t was created to provide another basis for preemption. *Purcell v. Bank of America*, 659 F.3d 622, 625 (7th Cir. 2011). "Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in § 1681s–2 and § 1681t(b)(1)(F), would

contradict fundamental norms of statutory interpretation." *Id*. While § 1681h would likely not preempt the claim because of the false information exception, the Court need only find one basis for preemption in order to preempt the claim and so here dismiss it.

Section 1681t preempts state law claims where the same subject matter is within the scope of the FCRA. The responsibilities renumbered in § 1681s-2 consist of the duty to "not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2. It also requires that information relating to a consumer not be furnished to any consumer reporting agency if the furnisher has been notified by the consumer that specific information is inaccurate and the information *is* inaccurate. *Id*.

Here, Plaintiff makes a state law claim that furnishing the debt was a defamatory act by FNBP under Ohio common law. The furnishing of information to credit reporting agencies is directly within the subject matter legislated in § 1681t(b)(1)(F). Thus, the claim is preempted and must be dismissed.

**C. Plaintiff's Defamation Claim is Alternatively Dismissed Due to Insufficient Pleading of Damages**

Under Ohio law, an actionable defamation claim must allege the following: (1) the defendant made a statement that was both false and defamatory; (2) the statement was about the plaintiff; (3) the statement was published to a third party; (4) the defendant acted with fault; and (5) the statement either constituted defamation *per se* or caused special harm to the plaintiff. *Gosden v. Louis*, 116 Ohio App.3d 195, 206 (1996).

There appears to be no dispute that, if Plaintiff's facts are proven true, FNBP did make a

false statement about her debt. Reporting the debt to the credit agency is a statement. Because FNBP reported the discharged debt as still active, it was a false furnishing of information to a third party which constitutes a false publication. Plaintiff also alleges that FNBP was on notice of the status of the debt because it was notified of the Bankruptcy filing, though Plaintiff does not allege further notice when the debt was discharged. The dispute, instead, comes from whether the statement was defamatory *per se* or caused special harm to the Plaintiff.

The requirements for pleading damages in a defamation claim depend on the type of defamation at issue. There are two types of defamation: *per se* or *per quod*. *McClure v. Ohio Dept. of Rehab. And Corr.,* No. 19AP-535, 2020 WL 1320713, at *2 (Ohio Ct. App. 10th Dist. 2020). In defamation *per se,* damages are assumed because the statement is defamatory on its face and thus pertains to only a small group of cases, *i.e.*: (1) accusing someone of a serious crime of moral wrongdoing; (2) suggesting they have a contagious disease; (3) harming their professional reputation; or (4) exposing them to public hatred, ridicule, or contempt by libel. *Rhoads v. Olde Worthington Business Association*, 246 N.E.3d 87, ¶50–52 (Ohio Ct. App. 10th. Dist. 2024) (citing cases); *accord Mitchell v. Fujitec America, Inc.*, 518 F.Supp.3d 1073, 1092–93 (6th Cir. 2021).

Here, Plaintiff claims in the Memorandum in Opposition that furnishing the debt had an impact on her professional reputation. R. 5, Page ID# 117–18. Thus, she claims she does not need to pled damages and direct loss with specificity because this is a defamation *per se*. However, nowhere in the Complaint does Plaintiff develop this contention. To explain the injuries from the defamation, Plaintiff alleges she "experiences economic harm, emotion distress and a negative impact on her credit." R. 1-1, Page ID# 12 at ¶ 21. She further elaborates she "suffered loss to her reputation, her credit rating, shame, mortification and injury to her

feelings, emotional distress." R. 1-1, Page ID# 13 at ¶ 24.

However, none of these allegations are connected to her trade or occupation. In fact, Plaintiff does not even identify her trade or occupation. It is not the function of the Court to conjure how a lessened credit rating could affect an unknown profession. While all facts should be viewed in light most favorable to the Plaintiff, it does not follow that furnishing false information to her credit report necessarily negatively affected her unknown occupation, at least any more so than her Bankruptcy proceeding. Thus, this is not an instance of defamation *per se*, and damages cannot be assumed.

In defamation *per quod*, special damages must be pled to show a direct loss arising from the loss of reputation caused by the defamation. *Green v. Mason*, 504 F.Supp.3d 813, 835 (6th Cir. 2020) (citing *McClure*). This is because, unlike defamation *per se*, malice and damages are not presumed. *Wilson v. Harvey*, 164 Ohio App.3d 278, 286 (2005). Thus, special damages cannot be presumed to automatically flow from the defamatory statement alone. *Id*. at 287. Instead, to survive a motion to dismiss, a defamation *per quod* claim must allege special damages with sufficient specificity to show a direct, pecuniary loss traceable to the reaction of a third party to the defamatory statement. *See McGee v. Simon & Schuster, Inc.*, 154 F.Supp.2d 1308, 1314 (6th Cir. 2001). General assertions of reputational or emotional harm are insufficient as are claims of professional injury without demonstrating actual pecuniary loss. *See Martin v. Wegman*, 2019-Ohio-2935, 3 (1st Dist. 2019) (citing cases).

Here, Plaintiff does not assert any damage with specificity. There are numerous general statements of emotional harm and reputational damage which are not valid claims of special damages. The only damage alleged by Plaintiff that has a pecuniary element is, as stated, the claim of a negative impact to her credit score. R. 1-1, Page ID# 12 at ¶ 21. However, she does

not quantify this by alleging the specific decrease, which may have been *de minimus*, nor does she assert any plausible causal relationship between FNBP furnishing the debt and the alleged decrease. Standing alone, a mere decrease in credit score could be the result of other factors and is insufficient to establish causality related to Defendant's alleged action.

Thus, Plaintiff cannot claim special damages, and so this cannot be a valid defamation *per quod* claim. Because both defamation *per se* and *per quod* are insufficiently pled, the defamation claim must be dismissed.

## CONCLUSION

Defendant First National Bank of Pennsylvania's Motion to Dismiss (R. 4) is GRANTED in its entirety, as explained herein. Plaintiff's FDCPA claim fails as a matter of law because Defendant, as a creditor collecting on its own debt, does not meet the statutory definition of a "debt collector" under 15 U.S.C. § 1692a(6). Plaintiff's defamation claim is preempted by 15 U.S.C. § 1681t(b)(1)(F), as it concerns the same subject matter governed by Defendant's furnisher responsibilities under § 1681s-2. Even absent preemption, the defamation claim independently fails because Plaintiff has no adequately pled defamation *per se* – having alleged no facts connecting the challenged statement to her trade or profession – nor has she pled the special damages with the specificity required to sustain a defamation *per quod* claim.

Accordingly, Plaintiff's Complaint is DISMISSED.

**IT IS SO ORDERED.**

Date: September 28, 2026

/s/ David A. Ruiz
David A. Ruiz
United States District Judge